Pearsoti, J.
 

 The plaintiffs, having an action against one Susannah Wells, pending and to be tried at the next term, obtained a commission to take the depositions of certain witnesses,, and delivered to the defendant a notice of the time, which it was his duty, as Sheriff, to- serve on the said Wells. The defendant did not serve the notice in time. The depositions were taken ; but at the trial were held inadmissible, because the notice had not been served in time, for which cause the plaintiffs were obliged to submit to nonsuit, which was afterwards set aside upon terms, viz: upon the payment of the costs, which were paid by Robert Powell. Thereupon, the plaintiffs brought this action, for damages for neglect of duty, as Sheriff, in not serving the notice.
 

 The defendant, by his counsel, made many objections, and the Court being of opinion against the plaintiffs, they submitted to a nonsuit, and appealed. We differ from his Honor, and regret that he did not state upon which of the objections he put his opinion, for, it seems to us, none of
 
 *199
 
 them are tenable. We should like to know to which our attention ought to be more particularly directed.
 

 1st. The plaintiff's “ declared for not
 
 duly
 
 serving the notice. This refers to the
 
 manner,
 
 and not to the
 
 time,
 
 and no defect in the manner of serving was proven.” We think it sufficient to say, that, if the notice was not served in time to make the depositions admissible, it is the same as if it had not been served
 
 at all; ergo,
 
 it was not
 
 duly
 
 served,
 

 2d. “ There was no evidence that Powell was the agent of the- plaintiffs, and made the payment for them.” Mr. Maultsby, (the attorney in the original suit) swore
 
 “
 
 that he was employed by Powell, who appeared to him to be the party really interested, and to be carrying on the suit for his benefit.” We think there is
 
 some
 
 evidence that Powell was the agent of the plaintiffs, and it made out an agency of this kind : Powell was the purchaser of the chose in action against Mrs. Wells, and thereby became the beneficial owner; and, although he is not recognised in a Court of Law, as the owner, yet he is recognised as the agent and attorney in fact of his assignors, and may carry on a suit in their names, for his use, upon the original cause of action, o upon a cause of action, (like the present,) arising collaterally in such original suit.
 

 3d. “ If the plaintiffs paid the money, the payment was made by them without necessity, as Powell was the party really intérested, and they were under no obligation to refund any payments made by him.” This exception is involved in the second, already considered, and is based on the same facts, by assuming a different
 
 supposition as to the law.
 
 We had supposed it was well settled, that one, who purchases a note or bond, without taking a regular assignment, had a right to use the names of the obligee, to sue for and receive the debt, or to sue for any cause of action incidentally arising out of the first action, giving
 
 *200
 
 bond to indemnify against costs, &c. if required. The Court might well have refused to entertain this exception, on the ground that there was no evidence of any payment by the plaintiffs, except through the agency of Powell, which question was involved in, and must, necessarily, be settled by, the second exception.
 

 4th. “There was no evidence that the plaintiffs had any right of action against Sarah Wells, and
 
 non constat,
 
 but they would hare been non-suited, with the depositions as well as without them.” We do not feel at liberty to decide the question of law involved in this exception, because it is not presented by the facts. We have looked into the depositions, and they prove that the plaintiffs did have a right of action against Susannah Wells.
 

 5th. “It the plaintiffs were not ready for trial, it was their own folly to go into it; they ought,-at least, to have attempted a continuance, and have no right to throw on the defendant the consequences ot their neglect.” We are at a loss, even from conjecture, for any principle of law, by which the defendant has a right to insist, that the plaintiffs were bound to move for a continuance, because they were not ready for trial, in consequence of
 
 his
 
 neglect in not serving the notice. How often would the plaintiffs, in deference to the Sheriff, who had neglected to do his duty, be called on to attempt to continue the case? How long was it their duty to keep the suit pending, (during all which time costs would be accumulating, and they would be deprived of the use of their money,) for the purpose of indulging a neglect of duty on the part of a sworn officer ?
 

 Pee CuRIam. Judgment reversed, and
 
 venire de nove.